Kevin S. Wiley, Sr.
State Bar No. 21470700
Kevin S. Wiley, Jr.
State Bar No. 24029902
**The Wiley Law Group, PLLC**
325 N. St. Paul Street, Suite 2750
Dallas, Texas 75201
Tel. (214) 537-9572
Fax (972) 449-5717
Email: kevin.wileysr@tx.rr.com
**PROPOSED COUNSEL FOR DEBTORS,
CITY-WIDE COMMUNITY DEVELOPMENT CORP;
LANCASTER URBAN VILLAGE COMMERCIAL, LLC;
LANASTER URBAN VILLAGE RESIDENTIAL, LLC.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| **CITY-WIDE COMMUNTY** | § | |
| **DEVELOPENT CORP.;** | § | |
| **LANCASTER URBAN VILLAGE RES.** | § | |
| **LLC;** | § | |
| **LANCASTER URBAN COMMCL.** | § | Case No. 21-30847-MVL-11 |
| **LLC** | § | |
| | § | **PENDING PROCEDURAL** |
| | § | **CONSOLIDATION** |
| **CONSOLIDATED DEBTORS** | § | |

<u>**APPLICATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) FOR ORDER UNDER 11 U.S.C. § 327(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF KEVIN S. WILEY, SR. AND KEVIN S. WILEY, JR. OF THE WILEY LAW GROUP, PLLC AS COUNSEL FOR THE DEBTORS, CITY-WIDE COMMUNITY DEVELOPMENT CORP; LANCASTER URBAN VILLAGE, LLC; AND LANCASTER URBAN RESIDENTIAL, LLC**</u>

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-FOUR (24) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH REQUESTS FOR HEARING. THE COURT WILL THEREAFTER SET A HEARING. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**YOU WILL RECEIVE A SEPARATE NOTICE OF THE DATE AND TIME FOR THE EMERGENCDY HEARING, IF ANY.THOSE WHO PLAN TO ACTIVELY PARTCIPATE IN THE HEARING ON THIS MOTION ARE ENCOURAGED TO ATEND THE HEARING USING THE WEBEX VIDEO LINK, HTTPS://US-COURTS.WEBEX.COM/MEET/LARSON. THOSE WHO SILL NOT SEEK TO INTRODUCE ANY EVIDENCE AT THE HEARING AND WISH TO ATTEND BY TELEPHONIC MODE MAY USE INSTEAD THE WEBEX DIAL-IN AND MEETING ID AT 1-650-479-3207**

**CITY-DEVELOPMENT COMMUNITY DEVELOPMENT CORP. ("CWCDC");**

**LANCASTER URBAN VILLAGE COMMERCIAL, LLC ("COMMERCIAL") AND**

**LANCASTER URBAN VILLAGE RESIDENTIAL, LLC ("RESIDENTIAL")** (each and all debtors procedurally consolidated in the above referenced bankruptcy case (sometimes collectively referred to as the "Debtors") file this Application for Authority to Retain Kevin S. Wiley, Sr. and Kevin S. Wiley, Jr. of the Wiley Law Group, PLLC, as Counsel for each of the Debtors (the "Application"), and would respectfully show the Court as follows:

1. On April 30, 2021 (the "Petition Date"), Debtors each filed their respective voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of Texas, Ft. Worth Division (the "Bankruptcy Court").

2. On that same date, CWCDC filed the motion to procedurally consolidate each of the foregoing cases under CWCDC's case number, and an order authorizing procedural consolidation is pending.

## I. JURISDICTION AND VENUE

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are 11 U.S.C. §§ 327(a), 328, 330, and 331 and Federal

Rules of Bankruptcy Procedure 2002, 2014, and 6004. Venue is proper with the Bankruptcy Court pursuant to 28 U.S.C. Section 1408.

## II. FACTUAL BACKGROUND

4. The Debtor, CWCDC, is a Texas non-profit corporation that in turn owns 100% of Residential and Commercial. Each of the Debtors own an undivided interest in Lancaster Urban Village, ("Village"), a commercial and residential multifamily project financed by loans made to either CWCDC, Residential, and/or Commercial by Department of Housing and Urban Development (HUD) secured by liens on the undivided interest owned Residential, and loans made by City of Dallas, Texas, a Texas home rule City under federal and state economic development loan programs secured by liens on the undivided interest owned by CWCDC, Residential, and Commercial.

5. In the fall of 2020, the Lancaster Urban Village property owned by CWCDC, Commercial and Residential was under contract for the sale of Village to T.D. Jakes Foundation and/or its assigns. ("TDJ"). Unfortunately, prior to the sale, the President of CWCDC and its affiliates Commercial and Residential was the subject of a criminal indictment for alleged bribery of public officials unrelated to the Village project. The alleged bribe is a total of $5000 allegedly paid for luncheon and dinner meetings; loans for medical prescriptions, all over several years. The indictment was inspired by the attempt of a convicted felon councilman, Dyane Carraway, to reduce his sentence for receipt of substantial bribes from convicted felons. Although neither the Debtor nor TDJ believed the allegations had real merit, TDJ expressed concern that any title it would obtain could be possibly tainted by the criminal proceedings. On the other hand, TDJ advised that it could proceed with the purchase agreement and reinstate same if the sale were to be approved as part of a reorganization plan. This, and other unrelated

credit issues facing CWCDC, required the filing of this petition for relief, albeit TDJ has been dropped in favor of pursuit of an open auction process in the bankrupt court, with the Detor's limited partner in

6. The Village project has an estimated value of $19-$22 million (rounded), and the residential portion is secured by a first lien deed of trust to the lender, HUD securing a debt in the amount of $13 million (rounded). The only other secured creditor is the City of Dallas with a balance of $1 million. This claim is disputed. The Joint Plan proposes substantive consolidation to allow at least one impaired class to confirm the plan proposing 100% payment to all Allowed Claims.

### III. RELIEF REQUESTED

7. The Debtors seeks to retain and employ Kevin S. Wiley, Sr. and Kevin S. Wiley, Jr. of the Wiley Law Group, PLLC (the "Proposed Counsel") effective as of the respective Petition Date at the expense of the estate pursuant to Section 327(a) of the Bankruptcy Code on an hourly fee basis to perform the legal services that will be necessary to represent the interests of the Debtor as a debtor-in-possession in this case. Accordingly, the Debtors respectfully request the entry of an order pursuant to 11 U.S.C. § 327(a) authorizing each of them to employ and retain the Wiley Law Group, PLLC to perform the legal services that will be necessary during this Bankruptcy Case.

8. The Debtors have selected the Proposed Counsel despite their only recent familiarity with the Debtors of preparing for this filing over the last several months. Rather, the Proposed Counsel have substantial experience and expertise in the areas of corporate reorganizations, debtors' and creditors' rights, commercial litigation, and other relevant areas of law. Proposed counsel has agreed to write off any and fees, if any, for time spent in preparation

of this case for filing in excess of actual compensation received, which is approximately $55,000 in fees and $3,000 in filing fee expenses advanced prior to the petition.

9. The professional services the Proposed Counsel will render include, but may not be limited to, the following:

(a). Counseling and preparation with Debtors of negotiations for final resolution of creditor claims by proposing a plan a that will raise funds from the sale or refinancing of Village;

(b). Advising Debtors with respect to the Debtors' powers and duties in the Chapter 11 case regarding strategy for exit from bankruptcy, disclosure statements and plans, and other issues that typically arise or may arise in Chapter 11 cases;

(c). Appearing in this Court to protect the interests of the Debtors;

(d). Attending meetings as requested by the Debtors;

(e). Performing all other legal services for the Debtors that may be necessary and proper in this case, including, but not limited to, provision of advice in areas such as corporate, bankruptcy, tort, employment, governmental, intellectual property and secured transactions; and

(f). Performing such other functions as requested by the Debtors or the Court consistent with professional standards.

10. As aforementioned, The Proposed Counsel has received pre-petition compensation from the Debtors in the amount of pre-petition payments used for preparation of the petition, plan, schedules, statements, and other same day pleadings described herein, and for reimbursement of ½ of the filing fee paid to file the petitions charged to the law firm credit card.

Counsel has written off any fees still remaining owing if any.

11. Proposed Counsel has advised the Debtors that they propose to charge fees based upon the same prevailing hourly rates charged to its regular clients for similar services and intends to apply to the Court for allowance of fees and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, as well as the local rules and any relevant orders of this Court. The Proposed Counsel has also informed the Debtors that their prevailing rates may change from time to time consistent with normal business practices and that any such changes will be reflected in the first fee application following the change. No compensation other than the initial pre-petition retainer billed against prior to the filing will be paid by the Debtors to the Proposed Counsel in connection with the chapter 11 case except upon application to and approval of this Court. Application for approval of retention of the pre-petition retainer will also be made.

12. The Debtors and Proposed Counsel understand and agree that the proposed compensation arrangement shall be subject to Section 328 of the Bankruptcy Code which authorizes this Court to allow compensation different from that which is provided herein if the fee arrangement, in retrospect, proves to be improvident in light of developments unanticipated at the outset of the case. The Proposed Counsel understand and agree that if aggregate interim payments exceed the amount that is ultimately allowed, they will be required to repay the difference to the estate.

13. To the best of the Debtors' knowledge, both Kevin S. Wiley, Sr. and Kevin S. Wiley, Jr. are disinterested persons as defined in Section 101 of the Bankruptcy Code who do not hold or represent an interest adverse to the Debtors or to the estate. In that connection, the Debtor CWCDC has requested that the law firm also be engaged while it also represents the 100%

owned affiliates. All clients have been apprised of the potential for conflict—however, they each have waived the potential and unlikely conflict due to the fact that they have a common ownership; a common objective in reorganization of CWCDC, Residential, and Commercial, and neither Debtor party owes any obligation to the other Debtor party or have any other reasonable requirement for their separate representation.

14. Applicant relies on case precedent that when there is unity of interest between the owners of a closely held company, that Applicant can represent both the unity of interest members and the closely held company, in the case where there is no actual conflict. Especially is this true when, as is true here all the Debtors own an undivided interest in the same property subject to common subordinated liens of at least one creditor, City of Dallas. See *In re Professional Development Corporation 140 B. R. 467, (Bankr. WD Tenn. 1992)*. The fact that Residential's undivided interest in the residential portion of Village is the only interest that is secured under the HUD lien, creates no actual or apparent conflict. If HUD were to foreclose its liens, it would necessary threaten the other undivided ownerships with a partition of their interest. And further, at the end of the day, CWCDC, a non-profit corporation with no equity owners, owns 100% of Residential, and Commercial, and obtains no advantage one way or the other from separation of Residential's ownership and liens from the other Debtors also under common 100% ownership.

15. Attached hereto as <u>Exhibit A</u> is a Disclosure Statement and Report of Kevin S. Wiley, Sr. pursuant to Sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b) (the "Wiley, Sr. Affidavit"). Also attached hereto as <u>Exhibit B</u> is a Disclosure Statement and Report of Kevin S. Wiley, Jr. pursuant to Sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b) (the "Wiley, Jr. Affidavit")

16. To the best of the Debtor's knowledge and pursuant to the Affidavits, neither Kevin S. Wiley, Sr. nor Kevin S. Wiley, Jr. possess any connection with the Debtor, their respective creditors, equity security holders, the United States Trustee, or any other party-in-interest, except as disclosed in the respective Affidavits.

17. The employment of the Proposed Counsel is in the best interest of the Debtors' estate.

18. The Wiley Law Group, PLLC's routine policy with respect to expenses is to charge its clients in all areas of practice for expenses incurred in connection with each client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, regular and express mail charges, special or hand-delivery charges, photocopying charges, travel expenses, computerized research charges and transportation costs.

19. For purposes of notice, the mailing address, telephone number, and fax number of Kevin S. Wiley, Sr. who will be primarily responsible for this case is: The Wiley Law Group, PLLC, 325 N. St. Paul Street, Suite 2750, Dallas, Texas 75201, Telephone 214-537-9572, and Facsimile, 972-449-5717, and email to kwiley@wileylawgroup.com

## IV. NOTICE

20. As no trustee, examiner, or official committee has been appointed in this case as of the date of this Application, notice of this motion has been given to the Office of the United States Trustee, the twenty largest unsecured creditors, all secured creditors, and the Internal Revenue Service. Accordingly, the Debtor requests that the Court enter an order subject to a 24-day period within which parties may object.

WHEREFORE, the Debtor respectfully requests entry of an order allowing the Debtors to retain Kevin S. Wiley, Sr. and Kevin S. Wiley, Jr. of the Wiley Law Group, PLLC as their

counsel and for such further relief as is just and proper.

          Respectfully submitted,

          THE WILEY LAW GROUP, PLLC

By: /s/ Kevin S. Wiley, Sr.
Kevin S. Wiley, Sr.
Texas State Bar No. 21470700
Kevin S. Wiley, Jr.
Texas State Bar No. 24029902
325 North St. Paul Street, Suite 2250
Dallas, TX 75201
Telephone: (214) 537-9572
Facsimile: (972) 449-5717
Email: kevin.wileysr@tx.r.com
Email: kwiley@lkswjr.com
**PROPOSED COUNSEL FOR DEBTORS**
**PENDING CONSOLIDATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of this Motion were forwarded to the U.S. Trustee , and the Creditors on the attached mailing list via ECF electronic and U.S. Mail 1st Class this 10th day of May 2021.

          /s/ Kevin S. Wiley, Sr.
          Kevin S. Wiley, Sr.