UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE CITY WIDE DEVELOPMENT CORPORATION | )<br>)<br>)<br>) Case No. 21-30847<br>)<br>) Chapter 11<br>)<br>)<br>)<br>) |

**MOTION FOR PROTECTION AND TO QUASH**
**THE SUBPOENA OF JENNIFER HOPE WRIGHT**

NOW COMES non-parties <u>Bank of America, N.A.</u> and <u>Jennifer Hope Wright</u>, a Bank of America employee, by and through the undersigned counsel, and they move to quash Tito E. Marrero's deposition subpoena of Wright.[1] Pursuant to Federal Rules of Civil Procedure 45 and 26, they state the following:

**INTRODUCTION**

Tito Marrero previously sued City Wide Community Development Corporation, Bank of America, Wright, and others in state court alleging fraud and breach of contract in relation to a single mortgage loan.[2] Upon learning about City Wide filing its bankruptcy petition, the state court administratively closed the case. [**Exhibit A**.] Unhappy with the court's (proper) decision, Marrero appealed that administrative closure. The appellate court then abated the appeal pending resolution of City Wide's bankruptcy. [**Exhibit B**.] Still unhappy, Marrero now seeks to conduct discovery on Wright and Bank of America through this bankruptcy proceeding by way of a subpoena. [**Exhibit C**.] Besides being improper, this shows Marrero's blatant disregard for the other courts'

---

[1] Wright's job title is Credit Solutions Advisor II.
[2] The state court suit relates to Marrero's purchase of the real property located at 3831 Opal Avenue, Dallas, Texas.

<u>**MOTION FOR PROTECTION TO QUASH THE SUBPOENA OF JENNIFER HOPE WRIGHT**</u> **- Page 1**

orders. Even if proper, the subpoena still falls outside the scope of permissible discovery. It must be quashed.

## ARGUMENT

### I. The subpoena is facially invalid under FRCP 45's geographic limits.

Under FRCP 45(d)(3)(A), a court "must quash or modify a subpoena that … requires a person to comply beyond the geographic limits specified in Rule 45(c)." FRCP 45(c) provides that a subpoena may only command appearance at a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FRCP 45(c)(1)(A).

Although the subpoena and its accompanying *Notice of Oral Deposition* purport to require Wright to appear by video conference (for instance, the subpoena identifies the "place" as "Zoom or as otherwise agreed by the parties," [**Exhibit C**]), that location is still infirm under Rule 45. Deposition-by-video proliferated during the COVID-19 pandemic and issues involving the subpoena of individuals for remotely held depositions are still novel. However, it has been held that the geographical limits of Rule 45 apply to subpoenas for remote proceedings. In February 2021, the Southern District of New York held that arbitral subpoenas issued requiring California and Virginia residents to virtually attend an evidentiary hearing held from New York City were unenforceable. In *Broumand v. Joseph*, the Court said arbitral subpoenas in the case were unenforceable under Rule 45(c) "because they would require respondents to 'attend' an evidentiary hearing beyond 100 miles of where they are employed or regularly transact business in person." *Broumand*, 522 F. Supp. 3d 8, 23 (S.D.N.Y. 2021).[3]

---

[3] Even before COVID-19, courts were loath to permit remote testimony under Rule 45. *See, e.g., Cross v. Wyeth Pharms., Inc.*, No. 8:06-cv-429-T-23AEP, 2011 WL 2517211, at *9 (M.D. Fla. June 23, 2011) (denying plaintiffs' motion to compel live testimony by contemporaneous transmission when "each non-party witness resides outside the scope of Rule 45" and "plaintiffs identify neither 'good cause' nor a federal statute permitting a subpoena" and "plaintiffs fail to show a sufficient basis for issuing a subpoena authorized neither by Rule 45 nor by compelling circumstances").

**MOTION FOR PROTECTION TO QUASH THE SUBPOENA OF JENNIFER HOPE WRIGHT - Page 2**

Marrero served Wright at her place of business, a Bank of America office in North Little Rock, Arkansas. North Little Rock is approximately 860 miles away from Cleveland, Ohio, the location of Marrero and the court reporter.[4] For further reference, North Little Rock is more than 300 miles away from this Court. Clearly, these are far outside the 100-mile limit proscribed in FRCP 45(c). This Court should adopt the *Broumand* reasoning and quash Marrero's subpoena of Wright.

II.    **Even if the subpoena were re-noticed, it should still be quashed because it falls outside the scope of permissible discovery allowed by FRCP 26.**

Rule 26(b)(1) provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FRCP 26(b)(1) (emphasis added). Here, deposition testimony from Wright would be irrelevant and not proportional to the needs of this bankruptcy case. Wright and her employer, Bank of America, are not parties to the bankruptcy proceeding and the discovery sought from them clearly relates to Marrero's state court litigation, not to City Wide's bankruptcy. For instance, the *Notice of Oral Deposition* requests:

a.    All documents relating to the property located at 3831 Opal Ave, Dallas, TX 75216.

---

[4] The *Notice of Oral Deposition* states that "[t]he deposition will be recorded by Fincun-Mancini, Inc., 1801 E 9th St. #1720, Cleveland, OH 44114." [**Exhibit C**.]

**MOTION FOR PROTECTION TO QUASH THE SUBPOENA OF JENNIFER HOPE WRIGHT - Page 3**

b.  All documents, correspondence, emails concerning or relating to the approval of the VA Home Loan for the property located at 3831 Opal Ave, Dallas, TX 75216.

[**Exhibit C**.]

Those matters all relate to Marrero's state court suit. And although Marrero's claim, Claim 15-1 [**Exhibit D**], relates to the state court suit, that does not give him imprimatur to litigate that case in this proceeding. Accordingly, even if Marrero re-noticed the subpoena to comply with the geographic limitations of FRCP 45(c), this Court should still quash the subpoena because it seeks testimony and documents that are irrelevant and not proportional. *Garcia v. Professional Contract Servs., Inc.*, No. A-15-cv-585-LY, 2017 WL 187577, at *2 (W.D. Tex. Jan. 17, 2017) (discovery from a third party as permitted through a subpoena issued under Rule 45 is limited to the scope of discovery permitted under Rule 26(b)(1) in the underlying action, and "[d]iscovery outside of this scope is not permitted").

### III.    No reasonable time for compliance.

Under Rule 45, a court must, on a timely motion, quash or modify a subpoena if it fails to allow a reasonable time for compliance. FRCP 45(3)(A)(i); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Here, Wright received the subpoena on September 7, 2022 and it purports to set a deposition for September 20, 2022. [**Exhibit C**.] As an initial matter, Marrero did not confer with the undersigned counsel for Bank of America and Wright. Second, the subpoena provides less than 2-weeks' notice of the deposition. That is an unreasonable time for compliance. *See Armendariz v. Chowaiki*, No. EP-14-cv-451-KC, 2015 WL 13373576, at *2 (W.D. Tex. 2015) (noting that Rule 45 does not define the requisite "reasonable time" and finding

that a subpoena providing only 20 days to comply was unreasonable). The subpoena must be quashed for this additional reason.

IV.     **Irregularities with the subpoena.**

Under Federal Rule of Civil Procedure 45(d)(1), "[a] a party or attorney responsible for issuing a subpoena and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." FRCP 45(d)(1); *see also Am. Fed'n of Musicians of U.S. and Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 57-59 (N.D. Tex. 2015). Here, the subpoena is signed by an attorney, Clayton L. Everett. However, the *Notice of Oral Deposition* accompanying the subpoena is signed by Marrero—Everett signed only the Certificate of Service there.[5] [**Exhibit C**.] Thus, it appears that Marrero hired Everett for the sole purpose of signing the subpoena form. By doing so, Everett seems to want to have his cake and eat it too: he gets paid by Marrero for signing a form and gets to keep his distance from this proceeding. In no way is that taking "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." For this additional reason, the Court should quash the deposition subpoena of Jennifer Wright.

## CONCLUSION

For the foregoing reasons, Wright and Bank of America respectfully requests that the Court grant this *Motion for Protection and to Quash the Subpoena of Jennifer Hope Wright*. [**Proposed Order attached**.]

---

[5] In fact, Everett's bar number and contact information appears nowhere on the subpoena or the notice of deposition.

**MOTION FOR PROTECTION TO QUASH THE SUBPOENA OF JENNIFER HOPE WRIGHT - Page 5**

Dated: September 8, 2022

Respectfully submitted,

/s/ Matthew D. Durham
Matthew D. Durham, SBN: 24040226
mdurham@mcguirewoods.com
**McGuireWoods LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Tele. 214.932.6400
Fax   214.932.6499

**ATTORNEY FOR BANK OF AMERICA, N.A. AND JENNIFER WRIGHT**

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2022, a true and correct copy of the foregoing was served as follows:

***Via ECF and Certified Mail-RRR***
Tito E. Marrero
P.O. Box 5222
Cleveland, OH 44101
E-mail: newunhacked2000@gmail.com
*Pro Se*

***Via ECF***
Kevin S. Wiley, Sr.
THE WILEY LAW GROUP, PLLC
325 N. St. Paul Street, Suite 2250
Dallas, Texas 75201
Telephone: 972-913-2683
Telecopier: 972-449-5717
Email: kwiley@wileylawgroup.com
*Attorney for Citywide Community Development Corporation*

/s/ Matthew D. Durham
Matthew D. Durham