B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __Texas__

In re __City Wide Development Corporation__
    Debtor

*(Complete if issued in an adversary proceeding)*

__City Wide Development Corporation__
    Plaintiff
    v.
__Tito E. Marrero__
    Defendant

Case No. __21-30847__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Jennifer Hope Wright, Loan Officer, Bank of America, 2421 McCain Blvd, North Little Rock, Arkansas 72116__
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Zoom or as otherwised agreed to by the parties. | 09/20/22    9:30 am |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attached Notice of Oral Deposition

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __08/31/2022__

CLERK OF COURT

                                OR    */s/ Clayton Everett*
_____              _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Tito E. Marrero, pro se__, who issues or requests this subpoena, are:
Tito E. Marrero, pro se, P.O. Box 5222 Cleveland Ohio, email: newunhacked2000@gmail.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)

**EXHIBIT C**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: (see certificate of service attached to the Notice of Oral Deposition) by certified mail to Jennifer Hope Wright 2421 McCain Blvd. N. Little Rock, AR 72116.
_____ on *(date)* ___08/31/22___ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ___40.00___ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: ___08/31/22___

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br>City Wide Community Development Corporation<br><br>Debtor. | Case No. 21-30847-mvl11<br>Chapter 11 |

## TITO E. MARRERO'S NOTICE OF ORAL DEPOSITION

**To:** **Jennifer Hope Wright, Loan Officer, Bank of America, at 2421 McCain Blvd, North Little Rock, Arkansas 72116.**

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30, made applicable in these proceeding by Federal Rules of Bankruptcy Procedure 7030 and 9014, Tito E. Marrero will take the oral deposition via Zoom of Jennifer Hope Wright on **September 20, 2022, at 9:30a.m. CST by Zoom video conference** or at such date, time, or location later agreed upon by the parties.

1. The deposition will be recorded by Fincun-Mancini, Inc, 1801 E 9th St #1720, Cleveland, OH 44114; phone (216) 696-2272 and on video tape.

2. Under Federal Rules of Civil Procedure 30(b)(1) and 45(a)(1)(C), Jennifer Hope Wright is requested to produce the following documents at the deposition:

   a. All documents relating to the property located at 3831 Opal Ave, Dallas, TX 75216.

   b. All documents, correspondence, emails concerning or relating to the approval of the VA Home Loan for the property located at 3831 Opal Ave, Dallas, TX 75216.

3. All documents produced for the deposition above shall be sent in electronic PDF form to Tito E. Marrero at or before the designated deposition time and date to newunhacked2000@gmail.com.

4. "You" or "your" as used in the request for production above means the person or entity to which the request or subpoena is directed, as well as his, her, or its agents, representatives, attorneys, experts, insurers, executors, administrators, or anyone acting on behalf of the person or entity, including any and all persons acting in the above-described capacity on behalf or purportedly on behalf of the person or entity to which the request or subpoena is directed.

Respectfully Submitted,

By: /s/ Tito E. Marrero
Tito E. Marrero, pro se


**CERTIFICATE OF SERVICE** - I certify that on August 31, 2022, a true and correct copy of the foregoing was served on all parties through the Court's ECF system, and by mail and certified mail to:

Jennifer Hope Wright, Loan Officer
Bank of America
2421 McCain Blvd
North Little Rock, Arkansas 72116


/s/ Clayton L. Everett



U.S. POSTAGE PAID
FCM LETTER
ARLINGTON, TX
76004
AUG 31, 22
AMOUNT
$9.09
R2304M116531



72116



7020 1290 0000 2470 8242

Jennifer Hope Wright, Loan Officer
Bank of America
2421 McCain Blvd
North Little Rock, Arkansas 72116

72116-750521



**NORRED LAW,**
515 E. Border St. • Arlington, TX 76010
www.norredlaw.com



Norred Law, PLLC

Jennifer Hope Wright

8/31/2022

40.00

Chase LLC - IOLTA Tr    Witness fee    40.00