## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

IN RE CITY WIDE DEVELOPMENT   §
CORPORATION   §
  §
  §   **Case No. 21-30847**
  §
  §   **Chapter 11**
  §
  §
  §
  §

## MOTION FOR PROTECTION AND MOTION TO
## QUASH SUBPOEANA OF SHARON MIDDLEBROOKS

NOW COMES Sharon Middlebrooks, by and through her counsel, and files this, her motion to quash the deposition subpoena of Tito E. Marrero and motion for protection, and pursuant to Federal Rules of Civil Procedure 26 and 45 shows unto the Court as follows:

### INTRODUCTION

Tito Marrero sued Debtor City Wide Community Development Corporation, Bank of America, Jennifer Wright, Sherman Roberts, and Sharon Middlebrooks, individually and dba Concept Development Corporation in Dallas County District Court, 193rd Judicial District, under Cause No. DC-21-14549. The Dallas County case was administratively closed due to the bankruptcy notice from this matter. Tito Marrero appealed the administrative closure. The appellate Court abated the appeal pending resolution of this bankruptcy matter. Despite the prior rulings in the various matters, and the automatic stay in this matter, Tito Marrero continues to subvert the rules and now seeks to conduct discovery by subpoena against Sharon Middlebrooks through this Bankruptcy Court. **[Exhibit A]** The subpoena has many issues and is improper, is another utter disregard for the Orders in other courts, falls outside of the scope of permissible discovery. The subpoena submitted by Tito Marrero must be quashed.

### AUTHORITY AND ARGUMENT

1. **The purported subpoena is invalid on it's face.** Pursuant to Rule 45. Under FRCP 45(d)(3)(A), a court "must quash or modify a subpoena that fails to allow a reasonable time to comply." Under Rule 45, a court must, on a timely motion, quash or modify a subpoena if it fails to allow a reasonable time for compliance. FRCP 45(3)(A)(i); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Here, Middlebrooks received the subpoena via mail on or about September 2, 2022 and it purports to set a deposition for September 20, 2022. As an initial matter, Marrero did not confer with the undersigned counsel for Sharon Middlebrooks prior to sending an unsigned subpoena via e-mail to counsel prior to serving the subpoena after seeking the assistance of counsel for the limited purpose of signing the purported subpoena. Second, the subpoena provides less than 20 days notice of the deposition. That is an unreasonable time for compliance. *Armendariz v. Chowaiki*, No. EP-14-cv-451-KC, 2015 WL 13373576, at *2 (W.D. Tex. 2015) (noting that Rule 45 does not define the requisite "reasonable time" and found that a subpoena providing only 20 days to comply was unreasonable). The subpoena must be quashed for this reason alone.

2. Under FRCP 45(d)(3)(A), a court "must quash or modify a subpoena that subjects a person to undue burden." The purported subpoena and its accompanying Notice of Oral Deposition purport to require Middlebrooks to appear by video conference via Zoom video conference or at such date, time or location later agreed upon by the parties. The purported subpoena is not specific regarding the location of the deposition and is vague regarding the appearance.

3. **The purported subpoena should be quashed because it falls outside the purview of permissible discovery**. Rule 26(b)(1) provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FRCP 26(b)(1). Here, the deposition testimony from Ms. Middlebrooks would be irrelevant, Ms. Middlebrooks is not a party in this matter, does not impact the issues of this bankruptcy, and the testimony and any correspondence between Bank of America and Ms. Middlebrooks, (as requested by the subpoena), is not proportional to the needs of this bankruptcy case. Considering Ms. Middlebrooks is not a party to the bankruptcy proceeding and that the discovery sought from her clearly relates to party litigant Tito Marrero's state court litigation, not to this bankruptcy matter, the subpoena should be quashed. *Garcia v. Professional Contract Servs., Inc.*, No. A-15-cv-585-LY, 2017 WL 187577, at *2 (W.D. Tex. Jan. 17, 2017) (discovery from a third party as permitted through a subpoena issued under Rule 45 is limited to the scope of discovery permitted under Rule 26(b)(1) in the underlying action, and "[d]iscovery outside of this scope is not permitted").The state court claims are not being litigated in this Court and the discovery sought is impermissible since it falls outside the scope of this bankruptcy matter.

4.  **Additional irregularity with the purported subpoena exists.** Under Federal Rule of Civil Procedure 45(d)(1), "[a] a party or attorney responsible for issuing a subpoena and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." FRCP 45(d)(1); *see also **Am. Fed'n of Musicians of U.S. and Canada v. Skodam Films, LLC,*** 313 F.R.D. 39, 57-59 (N.D. Tex. 2015). Here, the subpoena is signed by an attorney, Clayton L. Everett, however, the Notice of Oral Deposition accompanying the subpoena is signed by the party litigant Tito Marrero. Attorney Everett signed only the Certificate of Service and enclosed a

$40 witness fee. Based upon a follow up discussion with Attorney Everett, Attorney Everett

was not retained or hired to conduct any deposition, review any documents, or participate

regarding the subpoena above and beyond affixing a signature to party litigant Tito Marrero's

purported subpoena, and issuing a $40 witness check to Ms. Middlebrooks. Requiring Ms.

Middlebrooks to appear, and to produce documents in this matter which in no way is that

taking "reasonable steps to avoid imposing undue burden or expense on a person subject to the

subpoena." The Court should quash the subpoena.

## CONCLUSION

For all the reasons specified herein above, Sharon Middlebrooks requests that the Court grant this

Motion to Quash the Deposition Subpoena of Sharon Middlebrooks including any request for

documents, and for Protection against any such further discovery requests in this matter.

Respectfully submitted,

THE REED LAW GROUP PLLC
By: /s/ Anthony W. Reed
Anthony W. Reed
Texas Bar No. 24029789
Email: areed@thereedlawfirm.com
3245 W. Main Street, Ste 235-346
Frisco, TX 75034
Tel. (469) 579-5739
Fax. (214) 975-6854

## CERTIFICATE OF SERVICE

I certify that on September 16, 2022, a true and correct copy of Sharon Middlebrooks Motion to
Quash and Motion for Protection was served to all parties of record via their counsel of record via the efile
system pursuant to the Federal Rules of Civil Procedure to Tito E. Marrero, P.O. Box 5522, Cleveland,
OH 44101, newunhacked2000@gmail.com, pro se and to Kevin S. Wiley, Sr., The Wiley Law Group,
PLLC., 325 N. St. Paul Street, Ste 2250, Dallas, TX 75201, (972) 913-2683 (t), (972) 449-5717 (f),
kwiley@wileylawgroup.com, Attorney for Citywide Community Development Corporation.

/s/ Anthony W. Reed
Anthony W. Reed, Esq

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____   District of _____ Texas _____

In re City Wide Community Development Corporation

_____Debtor_____

*(Complete if issued in an adversary proceeding)*

City Wide Community Development Corp.

_____Plaintiff_____

v.

Tito E. Marrero

_____Defendant_____

Case No. _____ 21-30847 _____

Chapter _____ 11 _____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Realtor Sharon Middlebrooks, 2235 Narboe Street, Dallas, Texas, 75216

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Zoom or as otherwise agreed to by the parties. | 09/20/22     10:00 am |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attached Notice of Oral Deposition

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/31/22

CLERK OF COURT

OR    *Clayton Everett*

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Tito E. Marrero, pro se , who issues or requests this subpoena are:
Tito E. Marrero, pro se, P.O. Box 5222 Cleveland Ohio, email: newunhacked2000@gmail.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**

A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

In re:

City Wide Community Development Corporation

Debtor.

Case No. 21-30847-mvl11
Chapter 11

## TITO E. MARRERO'S NOTICE OF ORAL DEPOSITION

**To:    Sharon Middlebrooks at 2235 Narboe Street, Dallas, TX 75216.**

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30, made applicable in these proceeding by Federal Rules of Bankruptcy Procedure 7030 and 9014, Tito E. Marrero will take the oral deposition via Zoom of Sharon Middlebrooks on **September 20, 2022, at 10:00 am CST by Zoom video conference** or at such date, time, or location later agreed upon by the parties.

1.      The deposition will be recorded by Fincun-Mancini, Inc, 1801 E 9th St #1720, Cleveland, OH 44114; phone (216) 696-2272 and on video tape.

2.      Under Federal Rules of Civil Procedure 30(b)(1) and 45(a)(1)(C), Sharon Middlebrooks is requested to produce the following documents at the deposition:

      a.   All documents relating to the property located at 3831 Opal Ave, Dallas, TX 75216, including but not limited to documents related to the sale or transfer of the property.

      b.   All documents, correspondence, emails exchanged with Bank of America loan officer Jennifer Hope Wright concerning the HUD Income Limit Disclosures.

3.    All documents produced for the deposition above shall be sent in electronic PDF form to Tito E. Marrero at or before the designated deposition time and date to newunhacked2000@gmail.com.

4.    "You" or "your" as used in the request for production above means the person or entity to which the request or subpoena is directed, as well as his, her, or its agents, representatives, attorneys, experts, insurers, executors, administrators, or anyone acting on behalf of the person or entity, including any and all persons acting in the above-described capacity on behalf or purportedly on behalf of the person or entity to which the request or subpoena is directed.

Respectfully Submitted,

By: */s/ Tito E. Marrero*
Tito E. Marrero, pro se

**CERTIFICATE OF SERVICE** - I certify that on August 31, 2022, a true and correct copy of the foregoing was served on all parties through the Court's ECF system, and by mail and certified mail to:

Sharon Middlebrooks
2235 Narboe Street
Dallas, TX 75216

/s/ Clayton L. Everett

Notice Oral Deposition of Nonparty                                                    Page 2

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: (see certificate of service attached to
the Notice of Oral Deposition) and by mail to Realtor Sharon Middlebrooks, 2235 Narboe Street, Dallas, Texas, 75216
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ 40.00 _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____ 08/31/22 _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Norred Law, PLLC**
515 E. Border St.
Arlington, TX 76010
817-704-3984

BANK ONE, NATIONAL ASSOCIATION
32-81/1110

3404

8/31/2022

PAY TO THE
ORDER OF ___ Sharon Middlebrooks

$ **40.00

Forty and 00/100************************************************************************************** DOLLARS

Sharon Middlebrooks

MEMO   Witness fee

⑆003404⑆ ⑆111000614⑆   408030786⑆

---

**Norred Law, PLLC**                                                         3404

Sharon Middlebrooks                          8/31/2022

                                                              40.00

Chase LLC - IOLTA Tr   Witness fee                                            40.00

**NORRED LAW,**
515 E. Border St. • Arlington, TX 76010
www.norredlaw.com







7020 1290 0000 2470 8235

1000

75216

Sharon Middlebrooks
2235 Narboe Street
Dallas, TX 75216

75216-332535