Kevin S. Wiley, Sr.
State Bar No. 21470700
Kevin S. Wiley, Jr.
State Bar No. 24029902
**The Wiley Law Group, PLLC**
325 N. St. Paul Street, Suite 2250
Dallas, Texas 75201
Tel. (214) 537-9572
Fax (972) 449-5717
**COUNSEL FOR DEBTORS**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CITY WIDE COMMUNITY | § | Case No. 21-30847-MVL-11 |
| DEVELOPMENT CORP. | § | |
| ET AL.[1] | § | |
| | § | |
| DEBTORS | § | JOINTLY ADMINISTERED |

**MOTION FOR PROTECTION AND TO QUASH THE SUBPOENA OF
KEVIN S. WILEY, SR., AND SHERMAN ROBERTS**

NOW COME non-party Kevin S. Wiley, Sr. attorney for CWCDC, Debtor, ("Wiley") and Sherman Roberts, ("Roberts" a CWCDC contractor), by and through the undersigned counsel, and they move to quash Tito E. Marrero's deposition subpoena of Wiley and Roberts.[2] Pursuant to Federal Rules of Civil Procedure 45 and 26, they state the following:

**INTRODUCTION**

Tito Marrero ("Marrero") previously sued CWCDC, Bank of America, N.A. ("BOA") and BOA employee, Jennifer Wright, ("Wright"), and others in state court alleging fraud and breach

---

[1] The last four digits of the Debtors' tax identification numbers are: City Wide Community Development Corporation (8514); Lancaster Urban Village Commercial, LLC (8989); and Lancaster Urban Village Residential, LLC (1040).
[2] Robert's job title with Debtor is now Consultant. He was formerly President and CEO. Wiley is the attorney for the Debtors and not an individual party to any lawsuit with Marrero.

of contract in relation to a single mortgage loan.[3] Upon learning about CWCDC filing its bankruptcy petition, the state court administratively closed the case. Unhappy with the court's (proper) decision, Marrero appealed that administrative closure. The appellate court then abated the appeal pending the resolution of CWCDC's bankruptcy.

CWCDC filed an objection to the Marrero claim. [Dkt. #470]. CWCDC later filed a motion to consolidate the claims objection with an adversary proceeding it had initiated to obtain declaratory relief unavailable thru contested proceedings. [Dkt. #549]. Same motion to consolidate is pending continuance to the hearing set for September 22, 2022.

CWCDC then proposed, after an exhaustive negotiation, a settlement agreement (the "Agreement") which stipulated that the settlement only resolved issues with CWCDC and Marrero with respect to any dispute between CWCDC and Marrero. The Agreement provided for mutual releases on behalf and for the benefit of CWCDC, officers, directors, employees, principals, owners, affiliates, members, agents, and/or attorneys, and Marrero and his similar affiliates. Marrero accepted this settlement as evidenced by correspondence [**Exhibit A**] and his signature to a binding compromise and settlement agreement reflecting those same terms. [Dkt. #566] [**Exhibit B**]. A motion to approve the settlement annexed thereto was duly filed [Dkt. #566]; a motion for expedited and reduced notice to approve the settlement as agreed by the parties was duly filed [Dkt. #567]; and upon approval, a notice of hearing was sent to all parties by ECF and to Marrero by certified mail. [Dkt. #569]

After execution of the Agreement and agreeing to the relief of hearing on expedited notice, Marrero then changed his mind and attempted a unilateral termination of the Agreement based on his determination to breach the agreement. His justification is that the settlement did not conclude

---

[3] The state court suit and bankruptcy claim relates to Marrero's purchase of the real property located at 3831 Opal Avenue, Dallas, Texas.

2

the resolution of his issues with other co-defendants. [**Exhibit C**]---a fact he specifically recognized and agreed to in the settlement agreement [**Exhibit A and B**].

Marrero then filed a motion to except the Marrero claim against CWCDC from discharge [Dkt. #570]. Marrero has been repeatedly advised by counsel and this Court that the 11 U.S.C.§ 523 exception simply is inapplicable since, *Inter Alia,* 11 U.S.C. §523 does not apply to CWCDC, since CWCDC is not an individual debtor. Further allowance, not discharge, was the disputed issue resolved by the settlement.

Marrero now seeks to conduct discovery on the disputed facts and issues that were settled through the Agreement on both Wiley and Roberts by way of a subpoena to each of them that was issued prior to the settlement. [**Exhibit D**] Besides being improper, this continued discovery shows Marrero's blatant disregard for his obligations under the Agreement. Marrero attempts to justify his actions based on his ignorance of bankruptcy law. However, he was warned to seek legal counsel to be sure he understood these obligations. [**Exhibit E**] Even if proper, the subpoena still falls outside the scope of permissible discovery. It must be quashed.

## ARGUMENT

I. **The Subpoena should be quashed because it falls outside the scope of permissible discovery allowed by FRCP 26.**

Rule 26(b)(1) provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues**, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be

3

discoverable." FRCP 26(b)(1) (emphasis added). Here, deposition testimony from Wiley would be privileged, since he has no facts other than facts he obtained in the preparation of this case for trial. With respect to Wiley and Roberts, discovery, given the Agreement, would be irrelevant and not proportional to the needs of this bankruptcy case, or assist in resolving issues that Wiley and Roberts contend have already been resolved. For instance, the *Notice of Oral Deposition* requests:

    a.    All documents relating to the property located at 3831 Opal Ave, Dallas, TX 75216. (Roberts)

    b.    All contracts, invoices, and other documents by and between you [Wiley] and Sherman Roberts, City Wide Community Development Corporation, or ABC Renovations relating to the property located at 3831 Opal Ave., Dallas, Texas 75216

[**Exhibit D**.]

Those matters all relate to Marrero's, Claim 15-1, which relates to the claim that has been settled, [**Exhibit B**] subject to enforcement of the Rule 11 settlement agreement after notice and hearing if Marrero continues to repudiate the settlement and therefore requires enforcement of the settlement for his compliance. See, for example, *Yosemite Auto Shanghai Co. v. JRS Metals, 2016 U.S. Dist. Lexis 112349 (So.Dist. Tx., 2016)*. In that case, the Court made the following analysis of an attempted breach of a signed settlement agreement:

". . . . A settlement agreement under Rule 11 can be enforced in two ways. If both parties consent to the agreement, the Court may enter an "agreed judgment." However, if consent does not exist, as is the case here, 'a court may not render an agreed judgment on the settlement agreement, but rather may only enforce it as a written contract….' [Citation Omitted]. Id.

`       Therefore, this Court should quash the subpoena because it seeks testimony and documents related to a claim which is pending a judicial determination as to whether it has been resolved. The discovery sought, unless the settlement is rejected, is irrelevant and not proportional. *Garcia v.*

4

*Professional Contract Servs., Inc.*, No. A-15-cv-585-LY, 2017 WL 187577, at *2 (W.D. Tex. Jan. 17, 2017) (discovery from a third party as permitted through a subpoena issued under Rule 45 is limited to the scope of discovery permitted under Rule 26(b)(1) in the underlying action, and "[d]iscovery outside of this scope is not permitted").

**III.    No reasonable time for compliance.**

Under Rule 45, a court must, on a timely motion, quash or modify a subpoena if it fails to allow a reasonable time for compliance. FRCP 45(3)(A)(i); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Here, Wiley and Roberts received the subpoena on September 7, 2022, and it purports to set a deposition for September 20, 2022. [**Exhibit D**.] Although prior to the settlement agreement, the parties attempted to agree to a date for the continued examination, the settlement agreement negated any agreed terms for continuing discovery not aimed at resolving a claim. Failing agreement, the subpoena provides less than 2-weeks' notice of the deposition. That is an unreasonable time for compliance. *See Armendariz v. Chowaiki*, No. EP-14-cv-451-KC, 2015 WL 13373576, at *2 (W.D. Tex. 2015) (noting that Rule 45 does not define the requisite "reasonable time" and finding that a subpoena providing only 20 days to comply was unreasonable). The subpoena must be quashed for this additional reason.

**IV.    Irregularities with the subpoena.**

Under Federal Rule of Civil Procedure 45(d)(1), "[a] a party or attorney responsible for issuing a subpoena and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." FRCP 45(d)(1); *see also Am. Fed'n of Musicians of U.S. and Canada v. Skodam Films, LLC*, 313

5

F.R.D. 39, 57-59 (N.D. Tex. 2015). Here, the subpoena is signed by an attorney, Clayton L. Everett. However, the *Notice of Oral Deposition* accompanying the subpoena is signed by Marrero—Everett signed only the Certificate of Service there.[4] [**Exhibit D**] Thus, it appears that Marrero hired Everett for the sole purpose of signing the subpoena form. By doing so, Everett seems to want to have his cake and eat it too: he gets paid by Marrero for signing a form and gets to keep his distance from this proceeding. In no way is that taking "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." For this additional reason, the Court should quash the deposition subpoena of Wiley and Roberts.

## CONCLUSION

For the foregoing reasons, Wiley and Roberts respectfully request that the Court grant this *Motion for Protection and Quash the Subpoena of Kevin S. Wiley, Sr., and Sherman Roberts*. [**Proposed Order attached**.]

Date: September 19th, 2022.

Respectfully submitted,

WILEY LAW GROUP, PLLC

*/s/Kevin S. Wiley, Sr.*
Kevin S. Wiley, Sr.
Texas Bar No. 21470700
325 N. St. Paul Street, Ste. 2250
Dallas, Texas 75201
Telephone: (214) 537-9572
Facsimile: (972) 449-5717
Kwiley@wileylawgroup.com
**Counsel for the Consolidated Debtors**

---

[4] In fact, Everett's bar number and contact information appears nowhere on the subpoena or the notice of deposition.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19th, 2022, a true and correct copy of the foregoing was served as follows:

***Via Email, ECF and Certified Mail-RRR***
Tito E. Marrero
P.O. Box 5222
Cleveland, OH 44101
E-mail: newunhacked2000@gmail.com
*Pro Se*

***Via ECF***

Matthew D. Durham, SBN: 24040226
mdurham@mcguirewoods.com
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Tele. 214.932.6400
Fax 214.932.6499

**ATTORNEY FOR BANK OF AMERICA, N.A. AND JENNIFER WRIGHT**

                                                     */s/ Kevin S. Wiley, Sr.*
                                                     Kevin S. Wiley, Sr.