EX A

## Kevin Wiley

| | |
|---|---|
| **From:** | Kevin Wiley |
| **Sent:** | Friday, September 9, 2022 6:08 PM |
| **To:** | tski m |
| **Subject:** | RE: COPIES OF DECLARATION AND WITENSS AND EXHIBIT LIST |

Correct. I will draft and send out tomorrow. We will wire as soon as we get court approval. KSW

---

**From:** tski m <newunhacked2000@gmail.com>
**Sent:** Friday, September 9, 2022 5:43 PM
**To:** Kevin Wiley <kwiley@wileylawgroup.com>
**Subject:** Re: COPIES OF DECLARATION AND WITENSS AND EXHIBIT LIST

O.K.

This agreement sounds fair.

I am dealing with BOA separately.

I guess on the 22nd you will obtain my bank routing number and account numbers to my Ohio bank for transferring of these funds correct?

Tito

On Fri, Sep 9, 2022 at 4:44 PM Kevin Wiley <kwiley@wileylawgroup.com> wrote:

There is no settlement that would pay you by September 16 from City Wide, since as a Debtor, we will have to get court approval to settle your claims. The Bank has no restriction. So if we settle these are the terms we have proposed:

1. Settlement approved by bankruptcy court on expedited motion. If we filed by the 12th we may be heard on the 22nd,
2. Cash payment upon approval of $100,000
3. Release of City Wide, officers, directors, agents, attorneys and employees. This definition does not include Middlebrooks or Fred Hemphill and his company, A2ZGC, Inc.
4. We release claims against you for malicious prosecution or other claims.
5. We file a motion to nonsuit pending adversary complaints against you, Liberty Mutual and A2ZGC
6. You handle your settlement with BOA separate and apart from the City Wide settlement.

Please confirm your agreement and I will draft and send to you this weekend so we can file on Monday morning signed settlement agreements with the agreed  motions necessary for court approvals. KSW

**From:** tski m <newunhacked2000@gmail.com>
**Sent:** Friday, September 9, 2022 1:04 PM
**To:** Kevin Wiley <kwiley@wileylawgroup.com>
**Subject:** Re: COPIES OF DECLARATION AND WITENSS AND EXHIBIT LIST

Mr. Wiley, Bank of America has agreed so get with Durham and have your settlement paperwork ready by Monday with his paperwork.

Next time you email me should be on Monday sending me that settlement paperwork on then.

Tito

On Fri, Sep 9, 2022 at 11:52 AM tski m <newunhacked2000@gmail.com> wrote:

Mr. Wiley, you are still thinking your clients will win in a trial is fine with me. Let go to trial, and the screw what you criminal clients think.

Let go to trial then.

On Fri, Sep 9, 2022 at 11:36 AM Kevin Wiley <kwiley@wileylawgroup.com> wrote:

Mr. Marrero:

No one wants this over faster than me. This little case is taking too much time, and soon the legal fees will prevent any settlement. I will see what you and Mat have agreed to and start drafting immediately. If you have yet to speak with Mat, he called me yesterday and said he had some authority finally to pitch in and was going to reach out to you. If that has not happened yet, I will remind him that time is of essence if we are going to wrap up some kind of settlement before settlement just stops making sense to my client. KSW

**From:** tski m <newunhacked2000@gmail.com>
**Sent:** Friday, September 9, 2022 11:28 AM
**To:** Kevin Wiley <kwiley@wileylawgroup.com>
**Subject:** Re: COPIES OF DECLARATION AND WITENSS AND EXHIBIT LIST

Mr. Wiley

# EX B

### SETTLEMENT AND COMPROMISE AGREEMENT

This Settlement and Compromise Agreement (the "Agreement") is made and entered into this ___ day of September, by and between City Wide Community Development Corporation ("Debtor"), Tito Marrero, ("Marrero") also Claimant as defined herein.

### DEFINITIONS

"**Bankruptcy Court**" shall mean the United States Bankruptcy Court for the Northern District of Texas, Dallas Division;

"**Bankruptcy Case**" shall mean that certain Chapter 11 case styled In re City Wide Community Development Corporation, *Et al.* under case no. 21-30847-11

"**Claimant**" shall mean Marrero

"**Parties**" shall mean the Debtor and Claimant.

### RECITALS

**WHEREAS** Debtor initiated the Bankruptcy Case on April 30, 2021, by the filing of a voluntary petition for relief under Title 11 of Chapter 11 of the United States Bankruptcy Code;

**WHEREAS** Debtor confirmed its Chapter 11 Second Amended Plan of Reorganization as Modified (the "Plan") by order entered in the Bankruptcy Case on June 15, 2022 [Dkt. #450);

**WHEREAS** the Second Amended Plan treated the claim of Claimant to be disputed, based on objection thereto filed or intended to be filed;

**WHEREAS**, the Debtor filed objection to claim of Claimant on July 14, 2022 [Dkt.#470] and hearing thereon is pending for September 22, 2022 unless superseded by a motion to consolidate a pending adversary proceeding where Debtor has sued Claimant and other third party Debtors for declaratory relief not permitted in a contested proceeding under Bankr. R. 7042

**WHEREAS** the Parties have agreed to a settlement of the contested claim to moot the adversary proceeding and settle the dispute giving rise to the objection to claim and adversary proceeding.

[ **NOW THEREFORE, FOR AND IN CONSIDERATION OF THE MUTUAL COVENANTS, AGREEMENTS AND RELEASES CONTAINED HEREIN, THE PARTIES AGREE TO SETTLE ALL EXISTING AND POTENTIAL CLAIMS BETWEEN THEM ON THE FOLLOWING TERMS, SUBJECT TO APPROVAL BY THE BANKRUPTCY COURT:**

**SECTION 1. Payment to Claimant.** In consideration of the payment of one hundred thousand and no/100 dollars ( $100,000) Claimant accepts this payment as full and final payment under the terms of the settlement agreement.

**SECTION 2. Each Party to Bear its Own Costs.** Each Party shall bear its own costs, including lawyer fees, whether such costs were incurred before or after the date of this Agreement.

**SECTIION 3.**                              **Releases.** Except for the obligations expressly provided for in this Agreement:

Marrero, on behalf of himself, his partners, employees, officers , principals, members, owners, affiliates, attorneys or agents, together with their heirs, successors and assigns (collectively, the " Releasing Parties") do hereby irrevocably and unconditionally release and discharge the Debtor Releasing Parties (defined below) from any and all claims, demands, debts, liens, causes of action, obligations, promises, agreements, damages, costs, losses, expenses of any nature or liabilities , at law or in equity, in contract or in tort, by statute or at common law, which they may now have or may hereafter claim to hold or possess, whether known or unknown, foreseeable, or unforeseeable, asserted or unasserted, or liquidated or unliquidated, arising out of or related to claims made by Claimant in the bankruptcy case, any other case, or the appeal of the bankruptcy case or any other case.

The Debtor on behalf of itself and its partners, employees, officers , principals, members, owners, affiliates, attorneys or agents, together with their heirs, successors and assigns (collectively, the "Debtor Releasing Parties") do hereby irrevocably and unconditionally release and discharge the Releasing Parties from any and all claims, demands, debts, liens, causes of action, obligations, promises, agreements, damages, costs, losses, expenses of any nature or liabilities, at law or in equity, in contract or in tort, by statute or at common law, which they may now have or may hereafter claim to hold or possess,. whether known or unknown, foreseeable or unforeseeable, asserted or unasserted, or liquidated or unliquidated, including, without limitation, any and all claims that were asserted or could have been asserted in the bankruptcy case, the contested proceeding, or any other forum by the Debtor , Debtor's bankruptcy estate, or anyone claiming, by, through or on behalf of the Debtor , or Debtor 's bankruptcy estate, or anyone independently attempting to assert claims of the Debtor , or Debtor 's bankruptcy estate (the "Debtor Released Claims").

It is understood and agreed that these are full and complete releases, and include all sums of any kind or character, including compensatory and non-compensatory damages. It is further understood and agreed that the releases in favor of the Releasing Parties or Debtor Releasing Parries are intended, without warranty, to discharge them from all liability for the Released Claims or Debtor Released Claims, and all others shall be forever barred and enjoined from asserting the Released Claims or Debtor Released Claims against the Releasing Parties or the Debtor Releasing Parties as may be applicable.

Nothing in this Agreement is intended to release any of the Parties from any rights, obligations, duties, or debts that are set forth in this Agreement, including any claims arising from a breach of this Agreement.

Debtor shall immediately file non-suits of the pending adversary against the Released Parties with prejudice, and the other named defendants without prejudice.

7

**SECTION 3. Breach of Agreement and Specific Performance.** In the event any Party fails to perform their obligations under this Agreement, the Party affected by such failure shall

have the right, in addition to any other relief available under applicable law, to seek specific performance of any of those obligations. The Parties further acknowledge and agree that, should any Party be required by any breach of this Agreement by any other Party to institute legal proceedings to enforce or interpret any of the provisions of this Agreement, the prevailing Party in such litigation shall be entitled to recover its reasonable attorneys' fees and expenses, including fees on appeal, as well as court costs.

**SECTION 4. No Admission of Liability.** The Agreement is not to be construed as an admission of liability on the part of any Party beyond the obligations contained herein-all such liability being expressly denied. The Parties understand and agree that no Party may use this Agreement, the fact of the Parties' settlement negotiations, their reaching a settlement, or the payment of any amounts pursuant to this Agreement as an admission by any Party as to either the legitimacy or value of any claim or defense beyond those contemplated to be settled herein.

**SECTION 5 Entire Agreement.** This is the entire agreement between and among the Parties concerning the subject matters hereof and supersedes and prevails over all prior and/or contemporaneous agreements, understandings, correspondence, or representations between and among the parties, whether oral or written. This Agreement may not be modified or amended, and there shall be no waiver of its provisions, except by a written instrument executed by the Parties. The Parties expressly waive any right to assert, after the execution of this Agreement, that any undertaking or obligation has, through ignorance, oversight, or for any other reason been omitted from the scope of this Agreement.

**SECTION 6. No Reliance on Other Parties and Informed Agreement.** Each Party hereby expressly warrants and represents that: (i) they are not relying upon any statements, understandings, representations, expectations, or agreements other than those expressly set forth in this Agreement; (ii) they make this Agreement voluntarily and of their own choice and not under coercion or duress; (iii) they have made their own investigation of the facts and are relying solely upon their own information and knowledge and advice of their counsel; (iv) they have no expectation that any other Party will disclose to them facts material to this Agreement; and (v) they knowingly waive any claim to rescind or avoid this Agreement based upon undisclosed facts, known or unknown. No Party has made any representation to or covenant with any other Party about the legal, tax or other consequences of this Agreement. Each Party has had access to the legal, tax and other advisors of that Party's own choosing, and has freely and fully reviewed and negotiated the terms of this Settlement Agreement.

**SECTION 7. Saving Provision.** If any one or more of the covenants or agreements of this Agreement should be determined by a court of competent jurisdiction to be contrary to law, and such covenant or agreement is not a material part or term in this Agreement, then such covenant or agreement shall be deemed and construed to be severable from the remaining covenants and agreements herein contained and in no way affect the validity of the remaining provisions of this Agreement.

**SECTION 8. Authority of Signatories.** Each Party hereby warrants and represents that the person signing this Agreement is expressly authorized and empowered by the Pany on whose behalf the person's signature appears to bind that Patty to each of the obligations set forth herein. The Parties agree that facsimile and/or PDF signature shall be deemed to be originals . This Agreement shall be deemed made and entered into when each of the Parties for whose signature it is prepared and has executed a copy hereof. There shall be no necessity that the Parties execute a single principle original or a single copy hereof. Each copy bearing the original

signature of a Party shall be deemed a counterpart. All the counterparts together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties hereto have each caused this Agreement to be executed and attested as of the first date written above.

CITY WIDE CMMUNITY DEVELOPMENT
CORPORATION

_____
BY:SHERMAN ROBERTS, PRESIDENT

_____ Pro Se
TITO MARRERO

7

signature of a Party shall be deemed a counterpart. All the counterparts together shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** the Parties hereto have each caused this Agreement to be executed and attested as of the first date written above.

CITY WIDE CMMUNITY DEVELOPMENT CORPORATION

BY:SHERMAN ROBERTS, PRESIDENT

_____

TITO MARRERO

7

EX C

**Kevin Wiley**

| | |
|---|---|
| **From:** | tski m <newunhacked2000@gmail.com> |
| **Sent:** | Tuesday, September 13, 2022 6:48 PM |
| **To:** | Kevin Wiley |
| **Subject:** | Re: SETTLEMENT PACKAGE |

We were all supposed to agree, BOA and City Wide together. I am not a competent person to negotiate anything in a bankruptcy, nor do I have time to pay another attorney to lie to me and run off with my money paid. You have been just as much a liar and conceal of material facts to the court like you have lied to me several times about other various issues in the past.

I will send a motion explaining to the bankruptcy court tomorrow that I don't know what to do about this bankruptcy " automatic stay" of my 193 and 101st court cases. The bankruptcy court must make a decision on dischargeability to my claims against City Wide, CEO Roberts, and their agent of choice realtor Middlebrooks.

City Wide has to bear its own burden in this VA Home Loan and defective in design HUD home scam pulled on me, which was not my doing.

TIto

On Tue, Sep 13, 2022 at 6:30 PM Kevin Wiley <kwiley@wileylawgroup.com> wrote:

> Sorry, but you cannot withdraw from the settlement agreement with City Wide. You signed and we signed, and you pulling out would be a breach of the settlement contract. You knew you had no deal with BOA and Middlebrooks when you signed. Read the settlement agreement. KSW

---

**From:** tski m <newunhacked2000@gmail.com>
**Sent:** Tuesday, September 13, 2022 6:22 PM
**To:** Kevin Wiley <kwiley@wileylawgroup.com>
**Subject:** Re: SETTLEMENT PACKAGE

I have always thought one practical settlement is for you to deed the property back to the bank in lieu of a foreclosure with an agreement of no foreclosure on your credit; accept a modest settlement from the bank, say $10k, and go and buy you another house with the cash money from City Wide and the bank..

**This is more than I bargained for. The bank and city wide should be talking about how they, no me, have to do this work.**

Reversing the transaction means you giving back the $140,000 they lent you on the house.

1

That wipes out your cash. That does not work.

**Mr. Wiley, the legal relief I need is not solely about money. If reversal of the transaction requires giving back the $140,000, well, that is part of the process then. If I had someone who knows bankruptcy and the facts about my deprivations by City Wide and CEO Roberts, City Wide and BOA would be forced to figure out what their options would be, not me. But, it seems I am being coerced and forced to accommodate all the unfair decisions about how to fix this mess not of my making.**

I have proposed today to the bank if they don't want to deal with the house, because they fear the unknown problems of a house sitting empty for two years, to gift to City Wide and take a charitable donation deduction to a non-profit, since City Wide is bearing the brunt of the cash settlement.. City Wide would then take over the responsibility for getting it ready for resale. My client has confidence the problems are not that bad, and is willing to take the risk. Don't feel they are interested and they probably want to keep the house and fix it to get their $140k back, plus interest.

**I think we have to resolve this in court. Whether it is in state or federal court. Someone else has to be presented with these problems discussed here in this email.**

Your other option is to take some of the cash from City Wide and make up your past due payments, about $36k, and then fix the house for resale or for you to live in.

**You keep implying that I pay past due mortgage payments. That is crazy to me. I cannot accommodate an illegal mortgage, nor should I be forced to engage in VA mortgage fraud or and wire fraud. It is not my duty to fix the deal, it is BOA and city wide Realtor Middlebrooks who have to fix this transaction..**

What are your thoughts? Let me know if I can help with the bank. KSW

**Mr. Wiley, you are not going to be happy but I am going to say here, but I Tito cannot carry BOA and realtor Middlebrooks's problems to the finish line. It is theirs to resolve. It seems my legal problems don't go away or get solved by settling with City Wide. I only wanted to settle this fraud and scam deal with everyone who is part of making it happen. I will say once again, I am not licensed to sell homes or finance loans.**

**Please understand that I am withdrawing my settlement agreement with City Wide this very minute because I am not certified to make any deals. My only mission is to have a court look at what was done to me, a first time home**

2

buyer who was scammed in several different ways. The checks and balances installed into the loan approval process and underwriting were all hollow formalities. There was no fair and honest contracting in this deal.

Please notify City Wide that I cannot carry anyone's else's problems for them. I have to seek a judgment to correct the manifest injustice done to me with my VA Home Loan being undermined and abused by fraud and material omission.

I will send a legal submission to the bankruptcy court tomorrow detailing the failure of BOA, City Wide, and realtor Middlebrooks to fix this transaction. The solution to this legal problem does not rest with me.

Tito

On Tue, Sep 13, 2022 at 5:38 PM Kevin Wiley <kwiley@wileylawgroup.com> wrote:

I have always thought one practical settlement is for you to deed the property back to the bank in lieu of a foreclosure with an agreement of no foreclosure on your credit; accept a modest settlement from the bank, say $10k, and go and buy you another house with the cash money from City Wide and the bank..

Reversing the transaction means you giving back the $140,000 they lent you on the house.

That wipes out your cash. That does not work.

I have proposed today to the bank if they don't want to deal with the house, because they fear the unknown problems of a house sitting empty for two years, to gift to City Wide and take a charitable donation deduction to a non-profit, since City Wide is bearing the brunt of the cash settlement.. City Wide would then take over the responsibility for getting it ready for resale. My client has confidence the problems are not that bad, and is willing to take the risk. Don't feel they are interested and they probably want to keep the house and fix it to get their $140k back, plus interest.

Your other option is to take some of the cash from City Wide and make up your past due payments, about $36k, and then fix the house for resale or for you to live in.

What are your thoughts? Let me know if I can help with the bank. KSW

**From:** tski m <newunhacked2000@gmail.com>
**Sent:** Tuesday, September 13, 2022 5:01 PM
**To:** Kevin Wiley <kwiley@wileylawgroup.com>
**Subject:** Re: SETTLEMENT PACKAGE

Mr. Wiley, no one has told me what is to become of this HUD home? If I can't own it, live in it, or sell it, what to do with it?

The bank does not want to reverse the contract. I don't know what the hell is going on with this devious real estate transaction.

Tito

On Mon, Sep 12, 2022 at 4:58 PM Kevin Wiley <kwiley@wileylawgroup.com> wrote:

No problem, thank you. I will send a file stamped copy along with the motion to expedite tonight. KSW

**From:** tski m <newunhacked2000@gmail.com>
**Sent:** Monday, September 12, 2022 4:00 PM
**To:** Kevin Wiley <kwiley@wileylawgroup.com>
**Subject:** Re: SETTLEMENT PACKAGE

I forgot the settlement on my last email. It is below now.

Tito

On Mon, Sep 12, 2022 at 3:46 PM tski m <newunhacked2000@gmail.com> wrote:

Here is the signed settlement.

4

Have the money sent to my First Federal of Lakewood Ohio bank as soon as it can be sent.


Tito


On Mon, Sep 12, 2022 at 11:25 AM Kevin Wiley <kwiley@wileylawgroup.com> wrote:

> That is fine. You only have one signature and that is the settlement agreement. The rest are pleadings to approve the settlement agreement. Best. KSW
>
>
> **From:** tski m <newunhacked2000@gmail.com>
> **Sent:** Monday, September 12, 2022 11:23 AM
> **To:** Kevin Wiley <kwiley@wileylawgroup.com>
> **Subject:** Re: SETTLEMENT PACKAGE
>
>
> So, I will go today, in fact, in an hour or two, to the Public Library and print up the papers. I will sign wherever it appears I have to sign, then, I will re-scan the papers and send them back to you. That is what I am going to do.
>
>
> Let me know if it all works out.
>
>
> Tito
>
>
> On Mon, Sep 12, 2022 at 11:16 AM Kevin Wiley <kwiley@wileylawgroup.com> wrote:
>
> > All you need to do is sign the signature page to the settlement agreement and scan and return by email. I will send you file stamped copies of the completed and executed settlement, that will be filed with the motion and the agreed order today. If you prefer to scan the entire settlement and sign and return that will also work.  Your choice. Any questions, please advise. KSW
> >
> >
> > **From:** tski m <newunhacked2000@gmail.com>
> > **Sent:** Monday, September 12, 2022 11:05 AM
> > **To:** Kevin Wiley <kwiley@wileylawgroup.com>
> > **Subject:** Re: SETTLEMENT PACKAGE

5

Do you need me to print the papers you sent me to sign them?

After signing them, do I scan them into PDF format and then email them back to you? Is that what you are asking me to do?

Tito

On Mon, Sep 12, 2022 at 10:54 AM Kevin Wiley <kwiley@wileylawgroup.com> wrote:

I sent you the settlement documents. Here they are again. I need you to review, and if approved, sign the settlement agreement and send me back a signature page. Any questions please call me on my cell phone. I need to file ASAP in order to have a hearing to approve the settlement on the 22nd that will allow immediate payment per your wiring instructions. Therefore, give this matter your urgent attention. KSW

**From:** tski m <newunhacked2000@gmail.com>
**Sent:** Monday, September 12, 2022 10:24 AM
**To:** Kevin Wiley <kwiley@wileylawgroup.com>
**Subject:** Re: SETTLEMENT PACKAGE

What is up with this settlement?

On Sat, Sep 10, 2022 at 4:56 PM Kevin Wiley <kwiley@wileylawgroup.com> wrote:

HERE IS THE SETTLEMENT PACKAGE. IF ACCEPTED, SIGN AND RETURN A SIGNATURE PAGE TO THE SETTLEMENT AGREEMENT AND WE WILL FILE ON MONDAY ALONG WITH A MOTION TO REDUCE NOTICE SO WE CAN HAVE THE SETTLEMENT APPROVED ON THE 22ND. ANY QUESTIONS REPLY BY EMAIL OR CALL ME ON MY CELL. KSW



**KEVIN S. WILEY, SR.**

**WILEY LAW GROUP, PLLC**

325 N. ST. PAUL, STE 2250

DALLAS, TEXAS  75201

(214) 537-9572 (MOBILE)

(972) 449-5717 (FAX)

kwiley@wileylawgroup.com

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Northern__ District of __Texas__

In re City Wide Development Corporation
_____
Debtor

Case No. ___21-30847___

_(Complete if issued in an adversary proceeding)_

Chapter ___11___

City Wide Development Corporation
_____
Plaintiff

v.

Tito E. Marrero
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Attorney Kevin Wiley 325 North Saint Paul Street Suite 2250 Dallas, TX 75201
_____
_(Name of person to whom the subpoena is directed)_

☒ _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Zoom or Dallas Bankruptcy Court | 09/20/22      11:30 am |

The deposition will be recorded by this method:

☒ _Production_: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Copy of Nautilus Insurance Policy for City Wide, Copy of Tax Fillings for City Wide 2020 and 2021,

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __08/31/2022__

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

_Claytis Everett_
_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing _(name of party)_
Pro se Creditor/Plaintiff _____, who issues or requests this subpoena, are:
Tito E. Marrero  P.O. Box 5222, Cleveland Ohio  newunhacked2000@gmail.com  No Phone No Calls

#### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: (see certificate of service attached to the
Notice of Oral Deposition) and by mail to Attorney Kevin Wiley 325 North Saint Paul St.  Suite 2250 Dallas, TX 75201
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ 40.00 _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: ____08/31/22____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## MEMORANDUM

Tito is seeking electronically stored documents, tangible things for due process of law and protections of his property and
monetary interests, plus, to expose Texas DTPA, Contract, and denial of HUD and VA One Warranty Guarantees and
many Performance Shortmings.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
...

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | |
| City Wide Community Development Corporation | Case No. 21-30847-mvl11 |
| | Chapter 11 |
| Debtor. | |

### TITO E. MARRERO'S NOTICE OF ORAL DEPOSITION

**To:    Attorney Kevin Wiley 325 North Saint Paul Street , Suite 2250 Dallas, TX 75201.**

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30, made applicable in these proceeding by Federal Rules of Bankruptcy Procedure 7030 and 9014, Tito E. Marrero will take the oral deposition via Zoom of Kevin Wiley on **September 20, 2022, at 11:30a.m. CST by a Zoom video conference** or at such date, time, or location later agreed upon by the parties.

1.      The deposition will be recorded by Fincun-Mancini, Inc, 1801 E 9th St #1720, Cleveland, OH 44114; phone (216) 696-2272 and on video tape.

2.      Under Federal Rules of Civil Procedure 30(b)(1) and 45(a)(1)(C), Kevin Wiley is requested to produce the following documents at the deposition:

      a. All contracts, invoices, and other documents by and between you and Sherman Roberts, City Wide Community Development Corporation, or ABC Renovations relating to the property located at 3831 Opal Ave, Dallas, TX 75216.

3.     All documents produced for the deposition above shall be sent in electronic PDF form to Tito E. Marrero at or before the designated deposition time and date to newunhacked2000@gmail.com.

4.     "You" or "your" as used in the request for production above means the person or entity to which the request or subpoena is directed, as well as his, her, or its agents, representatives, attorneys, experts, insurers, executors, administrators, or anyone acting on behalf of the person or entity, including any and all persons acting in the above-described capacity on behalf or purportedly on behalf of the person or entity to which the request or subpoena is directed.

Respectfully Submitted,

By: */s/ Tito E. Marrero*
Tito E. Marrero, pro se

**CERTIFICATE OF SERVICE** - I certify that on August 31, 2022, a true and correct copy of the foregoing was served on all parties through the Court's ECF system, and by mail and certified mail to:

Kevin Wiley
325 North Saint Paul Street, Ste 2250
Dallas, TX 75201

/s/ Clayton L. Everett

Notice Oral Deposition of Nonparty

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Northern _____ District of _____ Texas _____

In re City Wide Development Corporation
_____
Debtor

(Complete if issued in an adversary proceeding)

City Wide Development Corporation
_____
Plaintiff

v.

Tito E. Marrero
_____
Defendant

Case No. ____ 21-30847 ____

Chapter ____ 11 ____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Sherman Roberts City Wide Development Corporation 3730 Lancaster Road, Dallas Texas 75216
_____
(Name of person to whom the subpoena is directed)

☐ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME | |
|---|---|---|
| Via Zoom or as otherwise agreed to by the parties. | 09/20/22 | 9:00 am |

The deposition will be recorded by this method:

■ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Notice of Deposition

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/31/2022

CLERK OF COURT

_____          OR    _____
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Tito E. Marrero, pro se_____ , who issues or requests this subpoena, are:
Tito E. Marrero, pro se, P.O. Box 5222 Cleveland Ohio, email: newunhacked2000@gmail.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

■ I served the subpoena by delivering a copy to the named person as follows: (see certificate of service attached to the Notice of Oral Deposition) and by mail to Sherman Roberts 3730 Lancaster Road, Dallas, TX 75216
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____ 40.00 ____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: ____ 08/31/22 ____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

### Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br>City Wide Community Development Corporation<br><br>Debtor. | Case No. 21-30847-mvl11<br>Chapter 11 |

### TITO E. MARRERO'S NOTICE OF ORAL DEPOSITION

**To:    Sherman Roberts, City Wide Development Corporation, 3730 Lancaster Road, Dallas TX 75216.**

**PLEASE TAKE NOTICE** that, under Federal Rule of Civil Procedure 30, made applicable in these proceeding by Federal Rules of Bankruptcy Procedure 7030 and 9014, Tito E. Marrero will take the oral deposition via Zoom of Sherman Roberts on **September 20, 2022, at 9:00a.m. CST by a Zoom video conference** or at such date, time, or location later agreed upon by the parties.

1.    The deposition will be recorded by Fincun-Mancini, Inc, 1801 E 9th St #1720, Cleveland, OH 44114; phone (216) 696-2272 and on video tape.

2.    Under Federal Rules of Civil Procedure 30(b)(1) and 45(a)(1)(C), Sherman Roberts is requested to produce the following documents at the deposition:

      a. All documents relating to the property located at 3831 Opal Ave, Dallas, TX 75216.

3.    All documents produced for the deposition above shall be sent in electronic PDF form to Tito E. Marrero at or before the designated deposition time and date to newunhacked2000@gmail.com.

4.    "You" or "your" as used in the request for production above means the person or entity to which the request or subpoena is directed, as well as his, her, or its agents, representatives,

attorneys, experts, insurers, executors, administrators, or anyone acting on behalf of the person or

entity, including any and all persons acting in the above-described capacity on behalf or

purportedly on behalf of the person or entity to which the request or subpoena is directed.

Respectfully Submitted,

By: /s/ Tito E. Marrero
Tito E. Marrero, pro se

**CERTIFICATE OF SERVICE** - I certify that on August 31, 2022, a true and correct copy of
the foregoing was served on all parties through the Court's ECF system, and by mail and
certified mail to:

Sherman Roberts
City Wide Development Corporation
3730 Lancaster Road
Dallas, TX 75216

/s/ Clayton L. Everett







CERTIFIED MAIL

7020 1290 0000 2470 8259

U.S. POSTAGE PAID
ARLINGTON, TX
AUG 31 22
AMOUNT
$8.09

Sherman Roberts
City Wide Development Corporation
3730 Lancaster Road
Dallas, TX 75216

75216-568825

# EX E

On Wed, Sep 7, 2022 at 5:49 PM Kevin Wiley <kwiley@wileylawgroup.com> wrote:

I will draft. But we will have to discuss any changes to the settlement and come to final agreement before hearing. . I am not filing a settlement motion that does not have a signed settlement agreement by both you and my client  that the only remaining condition is court approval. Otherwise, the settlement agreement is binding and enforceable against  both parties unless the Court refuses to approve, which doubt we have any concern there but approval is beyond our control. . I do recommend you get professional assistance in review. It certainly would assist in giving you comfort that you  fully understand all the terms, and assist my ability to communicate with your team.  KSW

**From:** tski m <newunhacked2000@gmail.com>
**Sent:** Wednesday, September 7, 2022 5:34 PM
**To:** Kevin Wiley <kwiley@wileylawgroup.com>
**Subject:** Re: COPIES OF DECLARATION AND WITENSS AND EXHIBIT LIST

Draft your settlement paper and send it as soon as it is completed so I may study its language beforehand.

Until the 22nd, I don't expect to hear from you till then after being sent the settlement papers.

Tito