## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CITY WIDE COMMUNITY | § | Case No. 21-30847-MVL-11 |
| DEVELOPMENT CORP. | § | |
| ET AL.[1] | § | |
| | § | |
| DEBTORS | § | JOINTLY ADMINISTERED |

### MOTION FOR CONTINUANCE OF HEARING ON AGREED MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT
*[Relates to Dkt. #566]*

COMES NOW, City Wide Community Development Corp. ("CWCDC") a Debtor and Debtor-in-Possession in the above-captioned Chapter 11 cases (the "Debtor"), procedurally consolidated with affiliated Debtors that are not parties to this motion identified by footnote below, and files this motion for continuance on the hearing on the Agreed Motion for Order Approving compromise and Settlement [Dkt. #566] (the "Motion"). In support of the Motion, the Debtor respectfully states as follows:

1.　The Court may enlarge the time for any act to be done on a motion "for cause shown." *See* Fed. R. Bankr. P. 9006(b)(1), unless expressly precluded by Bankr P. 9006(b)(2).

2.　The Debtor incorporates by reference the facts set forth in the Motion to Quash Subpoena Duces Tecum, Dkt. #575.

---

[1] The last four digits of the Debtors' tax identification numbers are: City Wide Community Development Corporation (8514); Lancaster Urban Village Commercial, LLC (8989); and Lancaster Urban Village Residential, LLC (1040).

3. Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code on April 30th, 2021.

4. The Second Amended Plan and Disclosure Statement, in this case, as modified were filed by the procedurally consolidated Debtors [Dkt. #'s 378 and 379] and confirmed by Order of this Court entered June 15th, 2022 [Dkt. #350] (the "Confirmation Order").

5. The Confirmation Order required the escrow of $200,000 against any allowed claim of Tito Marrero ("Marrero").

6. On September 12th, 2022, after reaching a signed compromise and settlement agreement (the "Agreement") that was binding upon the parties and conditioned only as to required Bankruptcy Court approval under Bankr. R. 9019, Debtors filed a Motion to Compromise Controversy with Marrero. [Dkt. #566].

7. On September 13th, 2022, a Motion for Expedited Hearing on the Motion to Compromise, Dkt. #567, was filed. After Court approval, a Notice of Hearing was then sent for September 22nd, 2022, at 1:30 p.m. CST [Dkt. #569]

8. Mr. Tito Marrero has since expressed his intention to breach the Agreement.

9. Therefore, the Debtors will continue to proceed with the Motion to Consolidate, Dkt. #541, set on September 22nd, 2022, and proceed with the Adversary case, Dkt. 540, to resolve this matter by declaratory relief that the Agreement is binding and enforceable, less recovery for reasonable attorney's fees required to enforce the Agreement.

10. As argued in the Motion to Consolidate, [Dkt. #541], Bankr. R. 3007(b) is mandatory that a party "shall not" include a request for declaratory relief, which is included among relief provided in Bankr. R. 7001(a) adversary proceeding, in a claims objection. Except

that a party may include a claims objection in an adversary proceeding. Thus, the logic is compelling to consolidate the claims objection into an adversary proceeding where the Agreement's validity and enforceability may be provided as relief requested. This is the sole means for Debtor to obtain complete relief and just adjudication of defenses,

11. Case precedent examined by Movant indicates the proper procedure for vindicating a binding settlement agreement that is being repudiated by a party, is not by conducting a hearing on the settlement, but seeking appropriate relief for the breach of the settlement. See, for example, *Yosemite Auto Shanghai Co. v. JRS Metals, Inc., 2016 U.S.Dist. LEXIS 112439 (S.D.Tex. 2016)*.

12. This continuance is thus not sought for the mere delay, but that Debtor will have adequate time and procedural necessities of declaratory relief, and to join all parties necessary to a just adjudication of the disputes, and to assert all defenses to the Marrero claim in an adversary proceeding, which now includes the Agreement as a defense.

WHEREFORE, the Debtor respectfully requests:

a. that this Court should set the hearing on requested expedited and reduced notice on the continuance of the settlement hearing;

b. That Debtor shall notice the continued hearing on the motion to settle;

c. Thar the relief requested of continuance be granted;

d. For such other and further relief in favor of the Debtor as is just and equitable.

Date: September 19th, 2022.                                        Respectfully submitted,

                                                                                    WILEY LAW GROUP, PLLC

/s/Kevin S. Wiley, Sr.
Kevin S. Wiley, Sr.
Texas Bar No. 21470700
325 N. St. Paul Street, Ste. 2250
Dallas, Texas 75201
Telephone: (214) 537-9572
Facsimile: (972) 449-5717
Kwiley@wileylawgroup.com
**Counsel for the Consolidated Debtors**

### CERTIFICATE OF CONFERENCE

I hereby certify that the counsel for Debtors conferred with Tito Marrero, regarding the requested relief, and he ____ did not oppose___X__opposes this Motion.

/s/Kevin S. Wiley, Sr.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served to U.S. Trustee, the top 30 creditors, Mr. Marrero by email, and all other parties by ECF or the United States Mail, postage prepaid, on the attached mailing matrix.

/s/Kevin S. Wiley, Sr.